UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANGER PIPELINES, INC.,

    Plaintiff,

    v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

No. C 12-5387 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) came on for hearing before this court on January 9, 2013. Plaintiff Ranger Pipelines, Inc. ("Ranger") appeared by its counsel Jon Brick, and defendant Lexington Insurance Company ("Lexington") appeared by its counsel Wayne Glaubinger, Sara Parker, and John Mezzacappa. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

    In this insurance dispute, Ranger seeks benefits as an additional insured under a Master Builder's Risk Policy ("the Policy") issued by Lexington to the Regents of the University of California ("Regents") for the period September 1, 2005, through September 1, 2008 (later extended through August 31, 2009), in connection with the construction of the Mission Bay Utilities and Distribution Phase I project at the University of California - San Francisco ("UCSF") Mission Bay campus ("the Mission Bay Project").

    The Regents entered into various contracts with design professionals and contractors for the design and construction of the Mission Bay Project. On September 27,

2007, the Regents and Ranger entered into a contract pursuant to which Ranger agreed to build the utility pipe and vault system for the Project. There appears to be no dispute that Ranger is an additional insured under the Policy based on its contract with the Regents in connection with the construction at the Mission Bay Project.

The Policy defines "Occurrence" as "any one loss, disaster, casualty, accident, incident, or series of one or more of the following arising out of a single event or originating cause during the Policy term and including all resultant or concomitant losses wherever located." Section 25 of the Policy provides, in part, that "[a]ny action or proceeding against the Company for recovery of any loss under this Policy will not be barred if commenced within (12) months after the OCCURRENCE becomes known to the Insured unless a longer period of time is provided by applicable statute.

In February 2009, it was discovered that water had entered into and had adversely impacted portions of the Mission Bay Project, including portions installed by Ranger. Ranger alleges that this water entered the system and damaged it when persons or entities other than Ranger operated the piping systems at temperatures that were higher than was appropriate. Ranger also claims that the piping selected for the Project (by persons or entities other than Ranger) was not suitable or appropriate for the use to which it was put.

The Regents allegedly tendered a claim to Lexington for coverage under the Policy. Lexington determined there was coverage, and paid the Regents a sum of money under the Policy. Ranger subsequently made a claim under the Policy, but Lexington denied Ranger's claim. Ranger filed the present action in September 2012. Lexington argues that the action must be dismissed because it is time-barred. Ranger asserts that the limitations period was equitably tolled. However, the complaint does not clearly set forth a basis for application of equitable tolling.

At the hearing, the court granted the motion, and advised the parties that the only question for determination is whether the one-year period should be equitably tolled, but that the complaint was lacking in specific details and did not allege facts sufficient to support Ranger's claim of equitable tolling.

Accordingly, the court indicated that, at a minimum, the following must be alleged in any amended complaint: (1) the date Ranger's work on the Project was completed; (2) the date the water damage occurred; (3) the date the Regents discovered or learned about the water damage; (4) the date Ranger discovered or learned about the water damage, and how Ranger learned about it; (5) the date the Regents submitted the claim for the water damage to Lexington; (6) what the claim covered; (7) the date Ranger learned that the Regents had submitted the claim to Lexington; (8) whether the Regents ever sought compensation from Ranger for the water damage, and if so, when; (9) whether the Regents assert that Ranger was responsible for all, or part of, the water damage; and (10) whether Ranger submitted a claim separate from the claim submitted by the Regents, and if so, when it was submitted and what it covered.

The amended complaint shall be filed no later than February 6, 2013, and any responsive pleading or further motion to dismiss shall be filed no later than 21 days after the date the amended complaint is filed. In addition, in any subsequent motion to dismiss, the parties shall set forth the standard to be applied with regard to pleading equitable tolling.

**IT IS SO ORDERED.**

Dated: January 10, 2013

PHYLLIS J. HAMILTON
United States District Judge